UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STEPHEN KOSIBA,　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　:　　**OPINION AND ORDER**
　　　　　　　　　　　　　　　　　　　　　　:
KANGERTECH US LLC, KANGERTECH US　:　　17 CV 6214 (VB)
DISTRIBUTIONS LLC, and KANGERTECH　 :
HOLDINGS LLC,　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　:
--------------------------------------------------------------x

Briccetti, J.:

　　Plaintiff Stephen Kosiba brings this diversity action against defendants Kangertech US LLC, Kangertech US Distributions LLC, and Kangertech Holdings LLC, asserting product liability and related claims resulting from an incident in which an e-cigarette battery allegedly exploded in plaintiff's pocket.

　　Before the Court is defendant Kangertech US LLC's motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). (Doc. #11).

　　For the reasons set forth below, the motion is DENIED.

　　The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

　　In deciding the pending motion, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

　　Kangertech US LLC ("defendant")[1] is a Georgia-based distributor of Kangertech products, including electronic cigarettes.

---

[1] The record contains no indication that service of the summons and complaint has been effectuated on the other two named defendants.

1

Plaintiff purchased a Kangertech vaporizer at Mamaroneck Smoke Shop, in White Plains, New York.

On April 12, 2016, the vaporizer battery exploded in plaintiff's pocket, injuring him.

Plaintiff alleges defendant marketed and sold its products into New York, and derived significant revenue from its sales in the state.

## DISCUSSION

I.  Legal Standard

On a motion to dismiss under Rule 12(b)(2), "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003). Prior to discovery, a plaintiff may defeat a motion to dismiss "by pleading in good faith legally sufficient allegations of jurisdiction." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) (internal citation omitted). A plaintiff can make this showing through "affidavits and supporting material[s] containing an averment of facts that, if credited . . ., would suffice to establish jurisdiction over the defendant." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (alterations in original) (quotations and citations omitted). When there has been no hearing on the merits, "all pleadings and affidavits must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . . plaintiff's favor." Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79–80 (2d Cir. 1993).

2

II.  Application

Defendant, a Georgia limited liability company, argues the allegations in the amended complaint fail to establish the Court's personal jurisdiction over defendant.

The Court disagrees.

To determine whether personal jurisdiction exists over a non-domiciliary defendant the Court engages in a two-step inquiry. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court determines whether the forum state's law permits the exercise of jurisdiction over the defendant. See id. "[T]he second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Id. at 164.

   A.  New York's Long-Arm Statute

New York's long-arm statute provides in relevant part, "[as] to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state, or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1).

Here, plaintiff alleges his injury resulted from defendant's distribution or sale of the vaporizer and the vaporizer battery into New York.

Thus, the Court must determine whether plaintiff has pleaded defendant contracted to supply goods or services in the state.

Plaintiff alleges defendant sold products into New York. (See Am. Compl. ¶ 8). Defendant acknowledges that it is "a distributor of products" (Mulderig Decl. Ex. B ¶ 3) that "ships products to . . . New York." (Id. ¶ 11). The Court draws the reasonable inference that these sales and shipments were made pursuant to contracts.

3

Accordingly, plaintiff has sufficiently pleaded New York's long-arm statute permits the exercise of personal jurisdiction over defendant.

B.  Due Process

Having determined the requirements of New York's long-arm statute are met, the second step of the Court's inquiry is whether the Court's exercise of personal jurisdiction comports with the Due Process Clause.

It does.

"[T]o satisfy the Due Process Clause of the United States Constitution, the exercise of long-arm jurisdiction by New York must be based on defendants' 'minimum contacts' with the state and must comport with 'traditional notions of fair play and substantial justice.'" Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 32 (2d Cir. 1996) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of jurisdiction a court may exercise over a defendant, differentiated by the kind of minimum contacts the defendant has had with the forum state. "These are specific (also called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction." Brown v. Lockheed Martin Corp., 814 F.3d 619, 624 (2d Cir. 2016).

Specific personal jurisdiction over a defendant exists "in a suit arising out of or related to the defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotation marks omitted).

1. <u>Specific Jurisdiction</u>

Defendant argues the Court lacks specific jurisdiction because it did not sell the particular vaporizer and battery that injured plaintiff.

The Court disagrees.

"Specific jurisdiction is determined by first asking if the claim arises out of or relates to defendant's contacts with the state, and then showing defendant purposefully availed itself of the privilege of doing business in the forum so that defendant could reasonably foresee being haled into the forum's courts." <u>Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.</u>, 264 F.3d 32, 38 (2d Cir. 2001).

To determine if a defendant has sufficient contacts with the forum to justify the Court's exercise of specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." <u>Walden v. Fiore</u>, 134 S. Ct. 1115, 1121 (2014). This "substantial connection" must arise out of: (i) "contacts that the defendant <u>himself</u> creates with the forum State"; and (ii) "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." <u>Id</u>. at 1122 (internal quotation marks and citations omitted).

As an initial matter, for purposes of products liability claims, a defendant may be held liable for either the manufacture or sale of the defectively designed product. See <u>McCarthy v. Olin Corp.</u>, 119 F.3d 148, 170 (2d Cir. 1997). Therefore, the conduct giving rise to this cause of action could be either the manufacture or sale of the vaporizer and battery at issue.

On the face of the amended complaint, as discussed above, plaintiff pleads defendant sold vaporizers and batteries into New York and plaintiff's injury arose from the explosion of one of those batteries. Defendant's affidavit from Kedrin Edgerson and the declaration of Cheung Siu

Choi do not foreclose the possibility that defendant sold the vaporizer and battery that injured plaintiff. Neither statement attaches or quotes the records the witnesses reviewed in determining what entity sold the Mamaroneck Smoke Shop the vaporizer and battery that were eventually sold to plaintiff.

Thus, drawing all reasonable inferences in plaintiff's favor, plaintiff has adequately pleaded defendant's contact with New York—distributing the vaporizer and battery—gives rise to the instant suit, which centers on injuries sustained when the battery exploded.

Contrary to defendant's assertion, this is not a stream of commerce theory of jurisdiction. A stream of commerce theory is one in which the defendant sells products into a different state, but, through subsequent sales, the products end up in the forum state. See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 112 (1987). Here, defendant's contact is with the state of New York through its distribution of products aimed at New York in particular.

Therefore, through its distribution agreements with retailers in New York, defendant purposefully availed itself of the New York market and should have reasonably foreseen it would be subject to litigation in New York courts.

Accordingly, plaintiff has adequately pleaded defendant had minimum contacts with New York.

2. Fair Play and Substantial Justice

"Where a plaintiff makes the threshold showing of the minimum contacts required for the first test, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 129 (2d Cir. 2002) (internal citations and quotation omitted).

To determine whether the exercise of jurisdiction comports with fair play and substantial justice, the Court balances the following five factors: "(i) the burden that the exercise of jurisdiction will impose on the defendant; (ii) the interests of the forum state in adjudicating the case; (iii) the plaintiff's interest in obtaining convenient and effective relief; (iv) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (v) the shared interest of the states in furthering substantive social policies." Metro. Life. Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996) (citing Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. at 113–14).

Here, defendant offered no argument in its moving papers that the Court's jurisdiction over it would be unreasonable.

Moreover, the Court has independently considered the Asahi factors and found the exercise of jurisdiction comports with fair play and substantial justice. In particular, technology has largely alleviated the burden of litigating in a foreign state, see Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d at 129–30; New York clearly has an interest in providing a forum to adjudicate injuries that occur within the state; and documentary evidence and witnesses are likely split between Georgia and New York.

Accordingly, plaintiff has adequately pleaded that personal jurisdiction over defendant comports with notions of fair play and substantial justice.

## CONCLUSION

The motion to dismiss is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #11).

Dated: March 13, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge